VOTO DISIDENTE DEL JUEZ RIVERA MARTÍNEZ - 2005 DTA 61
San Juan, Puerto Rico, a 5 de abril de 2005
Por estar en desacuerdo con la decisión de la mayoría de este Panel que revoca la determinación del Tribunal de Primera Instancia denegando el derecho a juicio por jurado en un delito menos grave, disiento. Veamos.
*1198 I
Por hechos ocurridos alegadamente el 28 de agosto de 2004 en un centro comercial de San Juan, se presentó una denuncia en contra del peticionario por Apropiación Ilegal Agravada, Artículo 166 del Código Penal, en el Tribunal de Primera Instancia de San Juan. Celebrada la Vista Preliminar el 16 de noviembre de 2004, se determinó causa probable por Apropiación Ilegal Simple, Artículo 165 del Código Penal. El 29 de noviembre de 2004, se presentó acusación por el Artículo 165 del Código Penal ante el Tribunal de Primera Instancia, en adelante el TPI.
El 27 de enero de 2005, fue señalado el caso para juicio y luego reseñalado para el 7 de febrero de 2005. El 7 de febrero de 2005, la defensa solicitó que se celebrara el juicio por jurado, basado en lo dispuesto en la Regla 111 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 111. El TPI declaró no ha lugar la solicitud de la defensa, por lo que el peticionario recurre ante nos planteando la comisión del siguiente error:

“Erró el Honorable Tribunal de Primera Instancia al declarar no ha lugar la solicitud de la defensa de que el delito menos grave sea juzgado por jurado, toda vez que la Constitución y la Regla 111 de Procedimiento Criminal confieren al aquí peticionario el derecho a que la acusación por delito menos grave, presentada ante el Tribunal Superior, se ventile ante un jurado imparcial. ”

En síntesis, la contención del peticionario es que la Regla 111 de Procedimiento Criminal, supra, interpretada a la luz de la Ley de la Judicatura de 2003, le concede el derecho a juicio por jurado a los delitos menos graves. Diferimos de tal interpretación.
II
Sabido es que, por disposición constitucional, solamente tiene derecho a juicio por jurado toda persona acusada de delito grave. (Art. II, Sec. 2 de la Constitución del Estado Libre Asociado). Por disposición legislativa, aquellos delitos menos graves en que originalmente el fiscal presentaba acusación ante el entonces Tribunal Superior y fueran también de la competencia del abolido Tribunal de Distrito, habrían de ser juzgados por un jurado a menos que el acusado renunciare a ello. Dicha disposición se recoge en la Regla 111 de las de Procedimiento Criminal aún vigente, la cual dispone como sigue:

“Las cuestiones de hecho en casos delito grave y, salvo lo dispuesto en leyes especiales, en casos de delito menos grave, siempre que originalmente se presentare la acusación en el Tribunal de Primera Instancia 
 y fueren también de la competencia del Tribunal de Distrito, habrán de ser juzgadas por el jurado a menos que el acusado renunciare expresa, inteligente y personalmente al derecho ajuicio por jurado. Antes de aceptar la renuncia de un acusado a su derecho ajuicio por jurado, el juez de instancia tiene la obligación de explicar al acusado lo que significa la renuncia de dicho derecho y de apercibirle de las consecuencias del mismo.

El Tribunal podrá conceder el juicio por jurado en cualquier fecha posterior a la lectura de la acusación. Si la renuncia al jurado se produce una vez comenzado el juicio, es discrecional del juez que preside el juicio el acceder a que el mismo continúe por tribunal de derecho con el consentimiento del Ministerio Público. ” (Enfasis suplido.)
En el ejercicio de su facultad para crear delitos, fijar penas y determinar los tribunales que han de conocer los procesos que por esos delitos se sigan, la Asamblea Legislativa puede disponer válidamente, de creerlo ajustado a la política pública y a los objetivos del estatuto aprobado por ella, que los juicios por delitos menos graves sean por tribunal de derecho y no por jurado. Pueblo v. Pieras, 72 D.P.R. 779 (1951).
Si bien el legislador no ha atemperado la Regla 111 de las de Procedimiento Criminal, supra, al nuevo esquema de la Ley de la Judicatura, entendemos que ello, por sí sólo, no altera la intención del legislador de limitar el derecho a juicio por jurado en delitos de naturaleza menos grave. Bajo la Regla 111 de las de *1199 Procedimiento Criminal, supra, para que un delito menos grave tenga derecho a ser juzgado por jurado, salvo lo dispuesto en leyes especiales, tenían que concurrir dos circunstancias: (a) se presentare acusación en el Tribunal Superior, y (b) fuera también de la competencia del Tribunal de Distrito.
El 28 de julio de 1994, la Asamblea Legislativa aprobó una nueva ley de la judicatura. Mediante la misma, se dispuso de la abolición del Tribunal de Distrito. A partir de la vigencia de la ley, las secciones del Tribunal de Primera Instancia, conocidas como Tribunal Superior y Tribunal Municipal, se consolidaron en el Tribunal de Primera Instancia. El hasta entonces Tribunal de Distrito permaneció como una subsección del Tribunal de Primera Instancia hasta su abolición total. Una vez concluido el período de abolición del entonces Tribunal de Distrito, los casos o asuntos pendientes de adjudicación ante dicha subsección fueron transferidos a la atención del Tribunal de Primera Instancia para su tramitación, disposición y adjudicación. Dicha ley también dispuso que toda causa civil o criminal pendiente ante el Tribunal Superior y el Tribunal Municipal pasaría a la consideración del Tribunal de Primera Instancia para su atención, consideración y resolución. 
En la Exposición de Motivos de la Ley de la Judicatura de 1994, supra, se dispuso que:

“La realidad social, económica y política del Puerto Rico de hoy, precisa una revisión abarcadora de ese sistema judicial que fue estructurado en tres jerarquías diseñadas a base de criterios de cuantía para la atención de casos civiles y a base de la gravedad de la conducta delictiva en casos criminales.

La experiencia acumulada durante los pasados cuarenta años exige reexaminar nuestro sistema judicial de cara a las expectativas de un siglo entrante, de modo que responda a los principios más avanzados de administración de la justicia. ”

Dicha reforma tenía como objetivo, entre otros:

“(1) Garantizar igual justicia para todos los ciudadanos, ofreciéndoles jueces de una misma categoría, de iguales requisitos de experiencia y cualificaciones para atender sus asuntos.

(2) Otorgar igual y fácil acceso de los ciudadanos a los servicios de gobierno prestados por la Rama Judicial. ”

Por otro lado, del Historial Legislativo se desprende:

“La realidad social, económica y política del Puerto Rico de hoy, requiere una revisión abarcadora de su actual sistema judicial, el cual fue en tres (3) jerarquías establecidas a base de criterios de cuantía para la atención de casos civiles y a base de gravedad de la conducta delictiva en casos criminales... .

A los fines de lograr la pronta consecución de las metas señaladas, esta medida, mediante un enfoque integral, adopta un sistema vertical que consiste de un tribunal de primera instancia consolidado, de jurisdicción original y competencia unificada, para atender todo tipo de casos y causas... ”. 

Al examinar la Regla 111 en el año 1996, el Comité Asesor Permanente de Reglas de Procedimiento Criminal designado por nuestro Tribunal Supremo recomendó en su informe enmendar dicha Regla en los siguientes términos.
REGLA 502. DERECHO A JUICIO POR JURADO Y SU RENUNCIA
Las controversias de hecho en casos de delito grave y, salvo lo dispuesto en leyes especiales, en casos del delito menos grave con derecho a juicio por jurado, en que se presente una acusación en una sala superior del *1200 Tribunal de Primera Instancia, habrán de ser juzgadas por un Jurado a menos que el imputado renuncie en persona y en forma expresa e inteligente al derecho a juicio por jurado, y el juez acepte la renuncia. Antes de aceptar la renuncia a su derecho a juicio por jurado, el juez tiene la obligación de explicar al imputado lo que significa la renuncia de dicho derecho y de apercibirle de las consecuencias del mismo.
El tribunal podrá conceder el juicio por jurado en cualquier fecha posterior al acto de entrega o a la lectura de la acusación. Si la renuncia al Jurado es solicitada una vez le es tomado el juramento final al Jurado, estará dicho cuerpo sujeto a la discreción del juez que preside el juicio el autorizar a que el mismo continúe por tribunal de derecho, luego de conceder oportunidad al Ministerio Fiscal de exponer su objeción.
En sus comentarios a la referida Regla y en lo pertinente, el Comité señaló:

“Lo dispuesto en esta regla no significa que se le va a conceder derecho a juicio por jurado a aquellos delitos menos graves que no tengan tal derecho, por el hecho de que se radiquen en una acusación. ” 

Por otro lado, la Regla 1 de las de Procedimiento Criminal, supra, dispone:

“REGLA 1. TÍTULO E INTERPRETACIÓN

Estas reglas serán conocidas y citadas como “Reglas de Procedimiento Criminal”. Se interpretarán de modo que aseguren la tramitación justa de todo procedimiento y eviten dilaciones y gastos injustificados. ” (Énfasis suplido.)
El 22 de agosto de 2003, se aprobó la Ley Núm. 201 conocida como la Ley de la Judicatura de 2003, 4 L.P. R.A. see. 24 a 25r. Mediante la misma se derogó la Ley de la Judicatura de 1994. El artículo 5.001 de la Ley de la Judicatura de 2003, dispone:
“El Tribunal de Primera Instancia será un tribunal de jurisdicción original general, con autoridad para actuar a nombre y por la autoridad del Estado Libre Asociado de Puerto Rico, en todo caso o controversia que surja dentro de la demarcación territorial de Puerto Rico. Estará compuesto por jueces superiores y jueces municipales.” (Énfasis suplido.)
El Artículo 5.003c dispone:

“Jueces superiores - competencia

Los jueces superiores ejercerán la competencia sobre todo caso o controversia, conforme la orden dispuesta por el juez presidente del Tribunal Supremo... ”. (Énfasis nuestro.)
III
Considerado el esquema de derecho antes expuesto, vemos cómo desde la aprobación de la Ley de la Judicatura de 1994, supra, hasta la aprobación de la Ley de la Judicatura de 2003, supra, el legislador, como parte de los objetivos de la reforma, eliminó el tribunal de distrito y el sistema de jerarquía existente unificando la competencia concurrente que existía bajo el esquema anterior en el tribunal de primera instancia. Ante ello, resulta impracticable lo dispuesto en la Regla 111 de las de Procedimiento Criminal, supra, donde el legislador había concedido el derecho a juicio por jurado en delitos menos graves cuando se presentaba la acusación en el tribunal superior y fueren también de la competencia del tribunal de distrito.
Por tanto, entendemos que el foro recurrido no erró al denegar la solicitud del aquí peticionario. Por ello, disiento.
Carlos Rivera Martínez Juez de Apelaciones
ESCOLIOS VOTO DISIDENTE DEL JUEZ RIVERA MARTÍNEZ - 2005 DTA 61
1. A tenor con dicha determinación, se ordenó la excarcelación del imputado y se señaló lectura de acusación y juicio para el 30 de noviembre de 2004. El 30 de noviembre de 2004, el TPI ordenó el archivo de la denuncia por duplicidad al amparo de la Regla 247 (b) de las de Procedimiento Criminal. Véase Anejo II y IV del recurso de certiorari.
2. Aún cuando la Regla 111 de las de Procedimiento Criminal no ha sido enmendada, “Tribunal Superior” fue sustituido con “Tribunal de Primera Instancia”, a tenor con la ley de agosto 22, 2003, núm. 201, conocida como “Ley de la Judicatura de 2003", see. 24 a 25r del Título 4 de L.P.R.A.
3. Véase Artículo 9.001 de la Ley de la Judicatura de 28 de julio de 1994, según enmendada.
4. Véase Art. 9.005 de la Ley de la Judicatura, supra.
5. Véase Ley de la Judicatura, supra.
6. Historial Legislativo de la Ley de la Judicatura de Puerto Rico de 1994, Plan de Reorganización Núm. 1 de 1994, informe final, 20 de junio de 1994, págs. 60 y 61.
7. Véase Informe de Reglas de Procedimiento Criminal, febrero 1996, a las páginas 173-174.
8. 4 L.P.R.A. sec. 25a.
9. 4 L.P.R.A. sec. 25c.